Joe Earl BURCHARD, Appellant,

v.

Imogene BURCHARD, Appellee.

Court of Appeals of Kentucky.

June 9, 1972.

Tyler C. Bourne, Paducah, for appellant.

W. Pelham McMurry, Paducah, for appellee.

REED, Judge.

This is a divorce action in which the defendant husband asserts that the trial judge did not make a fair distribution of the property accumulated during the marriage and did not make a reasonable allowance concerning alimony. We affirm the judgment.

The plaintiff wife, Imogene Burchard, and the defendant husband, Joe Earl Burchard, were married on January 11, 1962. The marriage lasted until February 21, 1971, when they separated. As a result of the marriage, one child was born—a son Joey Smith Burchard, who was eight years old at the time of the trial of the action.

The trial judge found that the defendant was at fault and granted the plaintiff the divorce which she sought and awarded her custody of the infant child. No issue is raised concerning the granting of divorce, the award of custody, or the amount of child support, which was determined at $100 per month.

Although the defendant criticizes the findings of fact and conclusions of law entered by the trial court, he did not move to have them extended, clarified, or modified, and we consider them sufficiently complete to enable us to dispose of this appeal.

At the time of marriage, plaintiff was a licensed beautician operating a beauty shop in McCracken County, Kentucky. Based upon substantial evidence, the trial court found that she contributed to the marriage: $2,000 in cash, which was utilized by the parties to start a business known as Paducah Beauty Supplies; a note made by the defendant payable to the plaintiff in the amount of $1,000; a home and beauty shop, which was sold in 1965 and from which an equity value of $4,275 was realized; a late model automobile, and household furnishings. The defendant, at the outset of the marriage, merely contributed an automobile and a debt of $1,000 payable to his wife.

During the marriage, the defendant operated the beauty supply business which was later moved to Evansville, Indiana, and was incorporated. One-third of the stock of the corporation was sold by a third party to the defendant's brother for $5,000 in the fall of 1970. The other two-thirds of the stock is owned by the defendant. Although the defendant testified by way of rebuttal that this corporation was virtually bankrupt, the court rejected that testimony and, with substantial evidentiary support, found that at the time of marital breakup the total stock issued and outstanding was worth approximately $15,000. It was also proved that the defendant was drawing $195 per week gross salary from this corporate business.

It was established that the wife conducted her beauty shop business in which she specialized in the handling and selling of wigs. In 1965, the parties acquired a house and lot located on U. S. Highway 45 in McCracken County and later acquired a vacant adjoining lot. The trial court found that this property was worth between $25,000 and $30,000 but was subject to a first mortgage which had a principal balance due, at the time of judgment, in the amount of approximately $11,000. The evidence also demonstrated and the trial court found that the defendant borrowed $5,000 from a local bank to utilize in his supply business and in another business venture which failed, and to secure this loan the real estate was also sub-

jected to a second mortgage, the principal unpaid balance of which at the time of judgment was $3,621.19, plus interest from September 1971, payable at the rate of $100 per month, plus interest.

The final judgment directed the defendant to convey his interest in the real estate to the plaintiff. She, however, was directed to assume the first and second mortgage debts against the property and to hold the defendant harmless therefrom. The household furniture was awarded to the wife together with her beauty shop and wig business. The defendant was awarded his automobile and the stock in the beauty supply corporation. He· was ordered to pay the plaintiff the sum of $4,000 alimony in monthly installments of $100 each, and he was also directed to reimburse the plaintiff in the sum of $1,000 to be applied on her attorney's fees.

■ The defendant's brief contains only two scant references to the transcript, one of which contains his own evaluation of the assets of his beauty supply business and the other his rebuttal testimony which the trial court specifically dealt with in his findings. The entire presentation argued by the defendant on this appeal is based upon the contention that the trial court should have believed him instead of contradicting evidence contained in the record and which is cited with particular reference to the transcript in the brief filed on behalf of the plaintiff. The resolution of such factual disputes concerning valuation is, of course, within the exclusive province of the trial judge, and we are unauthorized to disturb his findings.

■ Where property is acquired during marriage by the joint efforts of the parties, it should be divided between the parties according to what is just and reasonable. Colley v. Colley, Ky., 460 S.W.2d 821 (1970). When the respective contributions made by the plaintiff and defendant at the outset of this marriage and the extent of contributions made by the plaintiff and the defendant during the marriage are considered, we are unable to say that the division made herein was either unjust or unreasonable. The indebtedness on the real estate is to be assumed by the wife. The relatively small debt (approximately $500) for the remaining purchase price of the beauty supply business is to be paid by the husband. Since the valuation of assets determined by the trial court is supported by substantial evidence, it appears that the judge acted within the ambit of his discretion in making a just and reasonable division of the property acquired during marriage by the joint efforts of the parties.

All legal considerations necessary for the allowance of alimony were satisfied. At this point the trial judge was vested with a wide discretion to determine the amount and method of payment of alimony. It would appear that the proper elements were considered. When the determined amount of the husband's estate as compared with that of the wife is considered and the additional considerations of the ages, health, prospects of the spouses and the presence of an infant child whose welfare is a significant responsibility are weighed, and the husband's earning ability is established, we cannot say that the limited lump sum of alimony payable in monthly installments is so unreasonable that we can brand it inequitable and characterize it as an abuse of the admittedly wide discretion of the trial judge to determine the amount and method of payment of alimony.

The defendant does not assert that the amount of $1,000 is unreasonable as compensation to the plaintiff's attorney. The trial court allowed this amount to the plaintiff as reimbursment. The defendant's maximum responsibility for the payment of plaintiff's attorney fee is fixed and determined by the finding. We perceive no prejudice to the defendant and therefore are not disposed to disturb the judgment in this respect.

The judgment is affirmed.

All concur.